**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21150

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Adam Grippi,<br><br>       Plaintiff,<br><br>     v.<br><br>The Levinbook Law Firm, P.C.,<br><br>       Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Adam Grippi, by and through the undersigned counsel, complains, states, and alleges against defendant The Levinbook Law Firm, P.C. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant The Levinbook Law Firm, P.C. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

1

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Adam Grippi ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant The Levinbook Law Firm, P.C. ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Hauppauge, New York.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. On or about November 18, 2019, Plaintiff received medical services from Zwanger-Pesiri Radiology.

16. The services were for treatment of injuries sustained by Plaintiff in a work-related incident.

17. The services were covered by New York's Workers Compensation Insurance system.

18. At the time the services were provided, Zwanger-Pesiri Radiology was advised that Plaintiff was covered by Workers Compensation insurance.

19. New York Workers Compensation Law § 13-F prohibits any billing to the employee in case of work-related incidents.

20. Nevertheless, Zwanger-Pesiri Radiology alleges there is an unpaid balance of $966.54 ("the alleged Debt").

21. The alleged Debt represents such unlawful billing.

22. Despite this, at an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

23. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

24. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

25. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

26. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

27. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

29. That correspondence, dated April 5, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

30. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

34. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

4

35. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

36. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

37. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

38. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

39. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

40. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

41. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

42. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

43. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

44. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

45. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

46. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

47. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

50. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

51. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

52. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

53. As set forth in paragraphs 15 through 21 of this Complaint, Plaintiff did not owe the alleged Debt.

54. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

55. In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

6

56. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g and 1692g(a)(1) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

60. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

62. As set forth in paragraphs 15 through 21 of this Complaint, Plaintiff did not owe the alleged Debt.

63. As such, Defendant's allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

64. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

65. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

66. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

67. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: April 23, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21150
*Attorneys for Plaintiff*